Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| EL PUEBLO DE PUERTO RICO<br><br>*Recurrido*<br><br><br>v.<br><br><br><br>ANTHONIESKA AVILÉS CABRERA<br><br>*Peticionaria* | TA2025CE00896 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aibonito<br><br>Caso Núm.: B1VP202500675-76<br><br>Sobre:<br>Inf. Art 93(A) Código Penal y Art. 6.06 Ley de Armas |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, jueza ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de diciembre de 2025.

Comparece ante nos Anthonieska Avilés Cabrera (parte peticionaria), representada por la Sociedad para Asistencia Legal de Puerto Rico, mediante *Petición de Certiorari* y *Moción en Auxilio de Jurisdicción y Solicitud de Paralización (Vista Preliminar)* presentadas el domingo 14 de diciembre de 2025 a las 4:21 pm. En su recurso, la parte peticionaria solicita la revisión y revocación de la *Resolución* emitida el 9 de diciembre de 2025 y notificada el 10 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Aibonito (TPI o foro primario), en la cual el foro primario declaró *No Ha Lugar* una *Moción de Desestimación por Falta de Jurisdicción* presentada el 4 de diciembre de 2025 y una *Moción Informativa Sobre Petición de Desestimación (Falta de Jurisdicción)* presentada el 8 de diciembre de 2025, ambas por la parte peticionaria. A su vez, junto con el recurso, se presentó una *Moción en Auxilio de Jurisdicción y Solicitud de Paralización (Vista Preliminar)* pautada para hoy, 15 de diciembre de 2025, a las 10:00 am.

Ante el recurso presentado por la parte peticionaria, los jueces que componen el panel se reunieron para aquilatar el petitorio. En el transcurso de la evaluación, se recibió una *Urgente Oposición a Paralización y Expedición del Recurso de Certiorari*[1] presentada por la Oficina del Procurador General (OGP) en representación del Ministerio Público. Ante ello y para ponderar los méritos de los alegatos presentados, ordenamos la paralización de los procedimientos ante el TPI hasta que otra cosa dispusiera este Tribunal.

Así pues, tras una evaluación meticulosa de la *Petición de Certiorari* y de la *Urgente Oposición a Paralización y Expedición del Recurso de Certiorari*, este Foro Intermedio está en posición de resolver y así procedemos a hacerlo.

Examinado detenidamente el expediente ante nuestra consideración, estamos convencidos de que no se configura ninguno de los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones[2], que justifique nuestra intervención en esta etapa.

En primer lugar, la *Resolución* recurrida, la cual acogemos en su totalidad, hilvana claramente la controversia ante nos, es decir, *si la facultad mental de la menor al momento de los hechos alegados en la denuncia es un elemento que tiene que considerar el tribunal al momento de evaluar su jurisdicción*[3]. Fíjese que la *"Ley de Menores de Puerto Rico" dispone que el tribunal no tendrá autoridad para conocer de: (a) Todo caso en que se impute a un menor que hubiere cumplido quince (15) años de edad la comisión de hechos constitutivos*

---

[1] OGP en representación del Ministerio Público presentó el 15 de diciembre de 2025, a las 7:30 am, a través la plataforma digital del Tribunal de Apelaciones Sistema Unificado de Manejo y Administración de Casos (SUMAC) una *Urgente Oposición a Paralización y Expedición del Recurso de Certiorari*, la cual fue recibida a las 9:43 am.

[2] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025).

[3] Resolución del TPI 9 de diciembre de 2025.

*de asesinato en primer grado según definido en el inciso (a) del Artículo 93 del Código Penal de Puerto Rico*[4]. No existe controversia en cuanto a que la parte peticionaria tenía más de 15 años de edad al momento de los hechos y se le imputa la comisión de actos constitutivos del Art. 93 (A)[5] en primer grado, véase la denuncia del 19 de agosto de 2025.

Por lo anterior, la consecuencia jurídica es la aplicación de la Ley, como hizo correctamente el TPI. Así pues, procede la continuación de los procedimientos.

Por tanto, a la luz de los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, no habremos de intervenir con la determinación del TPI.

**IV.**

Por los fundamentos antes expuestos, ***denegamos*** la expedición del auto de *Certiorari* presentado y dejamos sin efecto nuestra orden de paralización de los procesos. En consecuencia, devolvemos el caso al TPI[6].

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] Artículo 4 de la Ley Núm. 88 del 9 de julio de 1986, según enmendada, mejor conocida como la "Ley de Menores de Puerto Rico", 34 LPRA secc. 2204. (3) En todos los casos contemplados en las cláusulas (a), (b) y (c) del inciso (2) de este Artículo, el menor será procesado como un adulto.

[5] Artículo 93 de la Ley Núm. 146-2012, según enmendada, mejor conocida como el "Código Penal de Puerto Rico" de 2012, 33 LPRA secc. 5142.

[6] A tenor con lo dispuesto en la Regla 35 (A) (1) del Reglamento del Tribunal de Apelaciones, el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto sin tener que esperar por nuestro mandato. Regla 35(A)(1) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 58, 215 DPR __ (2025).